UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WAYNE BARNETT, JR.                              CIVIL ACTION NO.: 3:17-CV-153-JWD-EWD

VERSUS

NATIONAL CONTINENTAL INSURANCE
COMPANY, ET AL

**RULING ON MOTION IN LIMINE TO**
**EXCLUDE CUMULATIVE EXPERT TESTIMONY**

This matter comes before the Court on a motion by National Continental Insurance Company ("National" or "Defendant") to exclude allegedly cumulative testimony to be given by damage witnesses testifying on behalf of plaintiff Wayne Barnett, Jr. ("Barnett" or "Plaintiff"). (Doc. 41.) The motion is opposed. "(Doc. 43.) For the reasons which follow, the motion is denied without prejudice.

**BACKGROUND AND ARGUMENTS OF THE PARTIES**

This is a claim for personal injuries arising out of an automobile accident which occurred on February 19, 2016 in this district. The seriousness of the injuries is in dispute. Plaintiff lists a number expert witnesses who intend to testify on the issue of Plaintiff's injuries and damages, including: 1) Dr. Charles Kaufman, a neurologist; 2) Dr. Edward Soll, a radiologist and neuroradiologist; 3) Dr. Curtis Partington, a radiologist and neuroradiologist; 4) Dr. Howard Katz, a physical medicine and rehabilitation physician associated with the Neurologic Rehabilitation Living Center; 5) Linda Gutierrez, LOTR, CBIT, an occupational therapist working for the same facility; 6) Christian Moses, M.S. and 7) Hector Gutierrez, CBIT, both of whom work at the same facility in the area of rehabilitation of brain injured individuals. (Doc. 41 at 1; Doc. 43 at 1-2.)

1

Defendant argues that this "[e]xpert testimony from multiple similarly qualified witnesses is cumulative and inadmissible under Fed. Rules. Evid (sic.)." (Doc. 41-1 at 3.) While Defendant recognizes that the issue of whether to exclude witnesses as cumulative is within the discretion of the court, (citing *Aetna Casualty and Surety Co. v. Guynes*, 713 F. 2d 1187, 1193 (5th Cir. 1983)), it points the Court to several cases as examples of where a court exercised its discretion to exclude witnesses as cumulative.

Plaintiff makes essentially two arguments in response: first, the proposed testimony is not cumulative. (Doc. 43 at 2.) Although some of the witnesses are in the same field, they either treated different injuries or different aspects of the same injury. "Each of these healthcare providers participated in the plaintiff's medical care in a different manner and have different perspectives and specialties." (*Id.*) For instance, the two radiologists examined different areas of the body. Second, "[t]o the extent any of these healthcare providers' testimony was to become cumulative at trial, the defendants would clearly have the ability to object at that time." (*Id*. at 3.)

## ANALYSIS AND RULING

Here the Court agrees with Plaintiff. It appears that some of these experts, while in the same specialty (e.g. radiologists Soll and Partington), performed and interpreted different tests on different parts of Plaintiff's body. As to others, they appear to be testifying about brain injury but from the perspective of different specialties. Finally, the Court agrees that should the testimony get cumulative at the trial, Defendant may object and the Court will take it up at that time. Accordingly, Defendant's motion (Doc. 41) is denied without prejudice to his right to re-urge his objection to cumulative testimony at trial.

Signed in Baton Rouge, Louisiana on the 7th day of January, 2019.

                                                                                               _____
                                                                                               **JUDGE JOHN W. deGRAVELLES**
                                                                                               **UNITED STATES DISTRICT JUDGE**
                                                                                               **MIDDLE DISTRICT OF LOUISIANA**